**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRIS ANN JAYE,

        Plaintiff,

v.

OAK KNOLL VILLAGE
CONDOMINIUM OWNERS
ASSOCIATION, INC., et al.,

        Defendants.

Civil Action No. 15-8324 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three motions. The first motion is Defendants QBE Insurance Corporation ("QBE") and Community Association Underwriters of America, Inc.'s ("CAU") Motion for Sanctions. (ECF No. 110.) Plaintiff Chris Ann Jaye ("Plaintiff") opposed (ECF No. 126), and QBE and CAU replied (ECF No. 130). The second motion is Plaintiff's Motion to Vacate the Court's Orders. (ECF No. 122.) QBE and CAU did not submit opposition papers to this Motion. The third motion is Plaintiff's Motion for Recusal. (ECF No. 132.) Defendant Hill Wallack LLP ("Hill Wallack") opposed (ECF No. 141), and Plaintiff replied (ECF No. 146).

    The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Recusal is denied, Plaintiff's Motion to Vacate is denied, and QBE and CAU's Motion for Sanctions is denied.

## I.  Plaintiff's Motion to Vacate

Plaintiff moves to vacate the Honorable Douglas E. Arpert, U.S.M.J.'s Order (ECF No. 97) that Plaintiff may not file documents electronically pursuant to Local Civil Rule 5.2. The Court finds Plaintiff's arguments for disregarding Rule 5.2 unpersuasive because the Electronic Case Filing Policies and Procedures state: "A party who is not represented by counsel must file documents with the Clerk as a Paper Filing." L. Civ. R. 5.2(4).

Plaintiff also moves to vacate the Court's February 24, 2016 Order (ECF No. 84) denying Plaintiff's informal request for an indefinite adjournment of all pending motions and for a conference with the Court to discuss Rule 26 discovery. As numerous motions to dismiss remain pending, the Court is unpersuaded by Plaintiff's contention that the Court should immediately schedule a Rule 26 conference. For these reasons, the Court denies Plaintiff's Motion to Vacate.

## II.  Defendants QBE and CAU's Motion for Sanctions

QBE and CAU's Motion for Sanctions, which was filed after various defendants moved to dismiss the original Complaint, requires the Court to find that Plaintiff's actions constitute frivolous and vexatious conduct. After QBE and CAU filed their Motion for Sanctions, Plaintiff amended her complaint (ECF No. 111) and various defendants filed motions to dismiss based on the Amended Complaint. (*See* ECF Nos. 138, 143, 152, 155, 156, 157, 161, 166, 168, 170, 172, 185, 186, 187, 189.) Because the Motion was based on the original Complaint, the Court denies QBE and CAU's Motion for Sanctions. QBE and CAU may re-file their Motion for Sanctions based on the Amended Complaint.

### III. Plaintiff's Motion for Recusal

#### A. Background

As this Memorandum Opinion primarily addresses Plaintiff's Motion for Recusal, which is based on the Undersigned's employment and personal history, the Court recites the relevant facts in the Discussion section below. A separate factual recitation is, therefore, unnecessary.

#### B. Legal Standard

In considering a motion for recusal, a district court judge is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification). Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. [§] 144 does not require a trial judge to disqualify himself from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976). "Indeed, if the affidavit submitted is legally insufficient to compel his disqualification, the judge need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant." *Id.*

3

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." § 455(b)(1). "Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to 'a reasonable person, with knowledge of all the facts.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

### C. Parties' Positions

Plaintiff first argues that a conflict of interest exists based on the following tenuous premises: (1) I was appointed as Counsel to the Attorney General who at that time was Stuart Rabner; (2) Stuart Rabner was later sworn into the New Jersey Supreme Court; (3) the Office of Attorney Ethics ("OAE") is under the purview of the New Jersey Supreme Court; (4) Caroline Record, a defendant in this case, is employed by the OAE; and (5) Plaintiff "is likely" to depose Chief Justice Rabner in this case due to Caroline Record's alleged conduct against Plaintiff. (Pl.'s Moving Br. 2-3, ECF No. 132.)[1] Plaintiff also emphasizes that Ms. Record's alleged conduct occurred while I was employed by the Office of the Attorney General. (*Id.* at 3.)

Second, Plaintiff asserts that I am "not neutral" because of a "relationship" with Chief Justice Rabner, "whom [I] [was] paid via public funds to counsel." (*Id.*) Plaintiff contends that I cannot adjudicate a case involving "judges and state actors who [I] once knew and know." (*Id.*)

---

[1] Citations to specific page numbers refer to the pagination assigned by the electronic filing system as designated in the header of each page, as Plaintiff has not inserted page numbers.

4

Plaintiff further argues that I had a duty to disclose every single person I knew at the Office of the Attorney General. (*Id.* at 4.)

Finally, Plaintiff argues that the Court's rulings in this case establish bias. Specifically, Plaintiff claims that: the Court "deliberately delayed hearing motions," "deprived [Plaintiff of] a Rule 26 conference," "adjourned by motion to stay state action three times," "deprived [Plaintiff] the right to an answer from [D]efendants until [Plaintiff] further supplement[s] [her] answer," and incorrectly ruled on Defendants' motions to dismiss on March 31, 2016. (*Id.* at 3-4.)

In response, Defendant Hill Wallack argues that, contrary to Plaintiff's allegations, Caroline Record is "not directly supervised by Chief Justice Rabner." (Def. Hill Wallack's Opp'n Br. 1, ECF No. 141.) In fact, according to Hill Wallack, Ms. Record has never met Chief Justice Rabner. (*Id.*) Hill Wallack further asserts that Ms. Record has never been employed as an administrator for the OAE. (*Id.*) Finally, Hill Wallack argues that Ms. Record "has never met or interacted with Ms. Jaye"; "never attended an Oak Knoll Village Condominium Association Board meeting"; "has no knowledge of any embezzlement or 'chargeable crimes' by her former law firm, Berman, Sauter, Record & Jacobs, P.C."; and "denies that any such embezzlement or 'chargeable crimes' occurred." (*Id.* at 2.)

In her Reply, Plaintiff argues that Hill Wallack's factual assertions were not contained in an affidavit or certification, thus requiring the Court to disregard those assertions. (Pl.'s Reply Br. 1, ECF No. 146.) Plaintiff also argues that the attorney that signed Hill Wallack's Reply is not Ms. Record's attorney, and therefore cannot assert facts on Ms. Record's behalf. (*Id.* at 2.)

### D. Discussion

First, the Court "must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F. Supp.

5

2d 458, 463 (M.D. Pa. 2007). To ensure that motions for recusal are not being used purely to avoid adverse outcomes, Section 144 requires recusal motions to be "timely." 28 U.S.C. § 144. "[A] party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal." *Lease v. Fishel*, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010); *see Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."). Rather, "Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Lease*, 712 F. Supp. 2d at 373 (citing *Blanche Rd. Corp. v. Bensalem Twp.*, 57 F.3d 253 (3d Cir. 1995)).

First, the Court notes that Plaintiff has not filed an affidavit comporting with 28 U.S.C. § 144, thus Plaintiff's motion must be denied. Moreover, even if the Court were to consider Plaintiff's submissions to constitute an affidavit, Plaintiff's submissions are not timely. *See* § 144. This matter was assigned to the Court on January 14, 2016. Rather than seeking recusal, Plaintiff actively sought relief from the Court. (*See* ECF Nos. 29, 37, 101, 102.) Only after the Court denied Plaintiff's motions on March 31, 2016 (ECF No. 129), did Plaintiff then move for recusal on April 12, 2016 (ECF No. 132). Plaintiff's untimely submission in light of unfavorable rulings demonstrates that Plaintiff's motion for recusal merely arises out of Plaintiff's dissatisfaction with the Court's rulings. Further, Plaintiff's arguments that the Court's rulings against her demonstrate bias cannot support recusal. For this reason, Plaintiff's motion must also be denied.

Despite already sufficient grounds to deny Plaintiff's motions, the Court addresses the remainder of Plaintiff's arguments. As to Plaintiff's assertion that the Court's alleged relationship with Ms. Record, Chief Justice Rabner, and personnel within the Attorney General's Office constitutes improper bias, the Third Circuit has made clear that a judge's prior government position

"could not reasonably be deemed to be a basis to question [the judge's] ability to rule impartially." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987).

Further, Plaintiff's view that Chief Justice Stuart Rabner was my "client" is inaccurate. I was employed by the State of New Jersey and my client was at all times the State of New Jersey. "Counsel to the Attorney General" is the title of the office I held, and should not be misconstrued as meaning "Stuart Rabner's counsel."

Additionally, Plaintiff's argument that a conflict arose during my overlap with Chief Justice Rabner at the Attorney General's Office is based on such a brief period of time, occurring almost ten years ago, that it could not reasonably be deemed to impair my ability to rule impartially in this matter. While employed by the Office of the New Jersey Attorney General in 2007, I was appointed as Counsel to the Attorney General, who at the time was Stuart Rabner, on February 26, 2007. *See* Office of the Attorney General, *Attorney General Names New Counsel* (Feb. 26, 2007), http://www.nj.gov/oag/newsreleases07/pr20070226b.html. I served as Counsel to the Attorney General for approximately four months before Stuart Rabner was appointed to the New Jersey Supreme Court on June 29, 2007 as Chief Justice. *See* New Jersey Courts, *Chief Justice Stuart Rabner* (2016), http://www.judiciary.state.nj.us/supreme/rabner.html. Today, almost ten years have elapsed since I vacated my position in the Attorney General's Office in 2007. *See* Federal Judicial Center, *Biographical Directory of Federal Judges: Shipp, Michael Andre* (last visited Oct. 26, 2016), http://www.fjc.gov/servlet/nGetInfo?jid=3440&cid=999&ctype=na&instate=na.

Plaintiff also incorrectly argues that every judge has to disclose every personal relationship with every state employee in the Attorney General's Office, for any case involving that office. As a result, Plaintiff's allegations amount to conclusory and tenuous allegations that do not meet the

7

substantive standards set forth in Section 455. Plaintiff's remaining arguments that the Court's adverse rulings demonstrate bias are not appropriate grounds for recusal under Section 455.

Finally, Plaintiff's allegations are inconsistent. Plaintiff argues that a conflict exists because Chief Justice Rabner was the Attorney General while I was Counsel to the Attorney General. Plaintiff then tries to emphasize that Ms. Record's alleged conduct occurred *while* I was at the Attorney General's Office in an attempt to draw a closer connection between Ms. Record's conduct and my position with the State. Even if true, however, that would mean Ms. Record's alleged conduct occurred *before* Chief Justice Rabner's 2007 appointment to the New Jersey Supreme Court, which actually further demonstrates the *lack* of connection between me, Stuart Rabner, and Ms. Record. OAE is not part of the Attorney General's Office but rather the New Jersey Supreme Court, and Stuart Rabner did not oversee the OAE as Attorney General. Plaintiff's inconsistencies in her attempt to manufacture a conflict where none exists demonstrate that Plaintiff's concerns are grounded in potential adverse rulings, and not an actual concern for bias.

### IV.   Conclusion

For the reasons set forth above, QBE and CAU's Motion for Sanctions is **denied** with permission to re-file based on the Amended Complaint, Plaintiff's Motion to Vacate is **denied**, and Plaintiff's Motion for Recusal is **denied**. An order consistent with this Memorandum Opinion will be entered.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** October 31, 2016