**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS ANN JAYE,<br><br>  Plaintiff,<br><br>v.<br><br>OAK KNOLL VILLAGE<br>CONDOMINIUM OWNERS<br>ASSOCIATION, INC., et al.,<br><br>  Defendants. | Civil Action No. 15-8324 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Chris Ann Jaye's ("Plaintiff") Motion for Reconsideration. (ECF No. 133.) Defendants Hill Wallack LLP, Kenneth Sauter, Esq., Maintenance Solutions, Inc. and MSI Plumbing, Inc., d/b/a Maintenance Solutions ("Maintenance Solutions"), Stephenson Associates, Inc., and Fox Chase Maintenance Co., LLC, d/b/a Fox Chase Contracting (collectively "Reconsideration Opposition Defendants") opposed (ECF No. 140), and Plaintiff replied (ECF Nos. 148, 203).

The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

**I.    Background**

On November 30, 2015, Plaintiff filed a five-count Complaint alleging: (1) RICO violations under 18 U.S.C. § 1962; (2) Theft by Extortion under N.J.S.A. 2C:20-5; (3) Fair Debt Collection Practices Act ("FDCPA") violations; (4) Invasion of Privacy; and (5) Intentional

Infliction of Emotional Distress. (Compl. ¶¶ 97-132, ECF No. 1.) In response, various defendants moved to dismiss the Complaint. (ECF Nos. 9, 11, 12, 17, 20, 21, 22, 45, 46, 50, 78, 80, 82, 85, 86, 87.) Plaintiff then filed an Amended Complaint. (ECF No. 111.)

Plaintiff also filed the following miscellaneous motions: (1) Motion for Default Judgment (ECF No. 100); Motions for Summary Judgment (ECF Nos. 101, 127); and (3) Motion to reverse Judge Sheridan's order and consolidate two actions (ECF No. 102). After all motions were briefed, the Court found Plaintiff's motions meritless and denied Plaintiff's motions in the Court's March 31, 2016 Order. (ECF No. 129.) The Court also denied the pending motions to dismiss without prejudice due to Plaintiff's filing of her Amended Complaint. (*Id.*) The Court further ordered that Plaintiff must file a Civil RICO Case Statement and that "Defendants' time to respond to Plaintiff's First Amended Complaint will not begin to run until Plaintiff files the Civil RICO Case Statement." (*Id.*) Plaintiff now moves for the Court's reconsideration of its March 31, 2016 Order. (ECF No. 133.)

## II. Legal Standard

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only

2

when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III. Parties' Positions

Plaintiff argues that the Court's March 31, 2016 Order was too cursory and contained insufficient legal analysis. (Pl.'s Recons. Moving Br. 12-13, ECF No. 133.)[1] Additionally, Plaintiff proceeds to object to each portion of the March 31, 2016 Order. (*Id.* at 14-21.)

First, Plaintiff argues that the Court incorrectly denied Plaintiff the right to Defendants' Answer to the Amended Complaint because, according to Plaintiff, Rule 15 of the Federal Rules of Civil Procedure gives Plaintiff an absolute right to an answer within fourteen days. (*Id.* at 18-19.) Second, Plaintiff argues that Defendants should have to answer portions of the Amended Complaint that do not relate to the RICO cause of action without waiting for Plaintiff's RICO Case Statement. (*Id.* at 14.) Third, Plaintiff contests the Court's decision to deny Defendants' motions to dismiss "without prejudice," arguing that "[n]o such ruling" is permissible. (*Id.* at 14-15.) Fourth, Plaintiff argues that the Court denied her Motion for Entry of Default in error because the Defendants had not submitted an answer to her pleading, even though Defendants' deadline to answer had not expired. (*Id.* at 15-16.) Fifth, Plaintiff argues that the Court denied her Motion for Summary Judgment in error, even though discovery had not commenced. (*Id.* at 16-20.) Finally, Plaintiff argues that the Court incorrectly denied her request for this Court to reverse an order in a separate action presided over by the Honorable Peter G. Sheridan, U.S.D.J. (*Id.* at 20.)

---

[1] Page numbers refer to the page numbers stamped in the header by the electronic filing system as Plaintiff did not insert page numbers in her moving brief.

In opposition, the Reconsideration Opposition Defendants set forth the relevant legal standard applicable to a motion for reconsideration, and argue that Plaintiff's Motion fails to meet the standard. (Defs.' Recons. Opp'n Br. 1-3.)

### IV. Discussion

Here, Plaintiff is asking the Court to rethink what it has already thought through. Plaintiff already presented all of her substantive assertions in her underlying motions. Plaintiff, therefore, has failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. To the contrary, Plaintiff merely disputes the plain reading of the Federal Rules of Civil Procedure as set forth in the Court's March 31, 2016 Order. (*See* ECF No. 129.) Plaintiff's interpretation of the Federal Rules of Civil Procedure does not comport with the text of the rules, advisory comments, or case law, and Plaintiff therefore fails to establish any clear error of law that requires correction. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.

### V. Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration is **DENIED**. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: November 15, 2016

4