IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Chris Ann JAYE, | : |
| Plaintiff, | : Civil No. 15-8324 (RBK/KMW) |
| v. | : **ORDER** |
| OAK KNOLL VILLAGE CONDOMINIUM OWNERS ASSOCIATION, INC., *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon Plaintiff Chris Ann Jaye's Motion to Vacate (ECF No. 367) the Court's order denying reconsideration (ECF No. 363); Plaintiff's Motion to Consolidate this case with similar proceedings in 14-7471, 16-7771, and 17-5257 (ECF No. 384); and Plaintiff's Motion to Correct Record by Clerk and Vacate (ECF No. 385) the Court's November 30, 2016 opinion (ECF No. 305);

**FIRST**, the Court notes that pursuant to Fed. R. Civ. P. 60(b)(1), (3), and (6), Plaintiff seeks to vacate this Court's prior order denying reconsideration, alleging mistake and fraud;

**THE COURT FINDING**, however, that Plaintiff appears to attribute the judgment to an unspecified personal animus on the part of Judge Shipp, and has not articulated a particularized basis for vacating the Court's previous order denying reconsideration;

**SECOND**, the Court notes that under Fed. R. Civ. P. 42(a), the Court may consolidate actions "to avoid unnecessary cost or delay," *see Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S. Ct. 721, 727–28, 77 L. Ed. 1331 (1933) ("consolidation is permitted as a matter of convenience and economy in administration");

1

**THE COURT FINDING** that at this late date it would be neither convenient nor economical to consolidate these cases;

**THIRD**, the Court notes that Plaintiff's "Motion to Correct Record by Clerk and Vacate ECF 305 Entirely" (ECF No. 385), which addresses ECF Nos. 72 100, 104, 136, 156, 208, 270, 305, 312, 316, and 363, was filed April 6, 2018, over two years after the earliest of the challenged docket entries and thus not filed within "a reasonable time" under Rule 60(c);

**THE COURT ALSO NOTING** that Plaintiff's motion seeks "the vacating of any and all rulings granting any relief to Defendant BSRJ" on the basis that they had been in default, despite Defendant BSRJ having filed a letter joining in the motion to dismiss of another party;

**THE COURT FURTHER NOTING** that Plaintiff's motion once again raises the same allegations of Judge Shipp's fraud and personalized malice that the Court and is essentially duplicative of her motion for reconsideration (ECF No. 367), alleging that Judge Shipp "had a clear bias towards me as one with full knowledge that he was going to be sued by me";

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate (ECF No. 367) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate (ECF No. 384) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Record by Clerk and Vacate (ECF No. 385) is **DENIED**; and

**IT IS FURTHER ORDERED** that Defendants in this matter have no further obligation to respond to Plaintiff's submissions unless directed otherwise by the Court.

Dated:   May 18, 2018                                             s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge